[658 NYS2d 374]

In the Matter of LEONARD SCOTT SHOOB, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 27, 1997

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(David C. Y. Cheung* of counsel), for petitioner.

*Harvey L. Greenberg,* New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The petition contains one charge of professional misconduct against the respondent. After a hearing, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the report of the Special Referee. The respondent has submitted an affirmation to the effect that the report of the Special Referee should be confirmed and the Court should exercise its discretion to censure him.

Charge One of the verified petition alleged that the respondent failed to cooperate with a legitimate investigation by the Grievance Committee into his alleged professional misconduct.

By letter dated January 3, 1995, the respondent was advised that the Grievance Committee had received a complaint from Hyman Goodman, Esq., alleging professional misconduct. The respondent was directed to submit a written answer within 10 days. He failed to do so.

By letter dated February 3, 1995, sent via certified and first-class mail, the respondent was again directed to submit a written answer to the Grievance Committee within 10 days. The respondent again failed to submit an answer.

By letter dated April 27, 1995, sent via certified and first-class mail, the respondent was directed to submit a written answer to the Goodman complaint by May 11, 1995. The respondent again failed to do so.

By letter dated October 17, 1995, sent via certified and first-class mail to the respondent's home, the respondent was advised that the Grievance Committee, *sua sponte,* had commenced an investigation into his alleged failure to cooperate with their investigation of the Goodman complaint. The respondent was directed to submit an answer explaining his failure to cooperate within 10 days. The respondent failed to submit an answer to the *sua sponte* complaint.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Based on the stipulation entered into between the respondent's attorney and Grievance Counsel, and the evidence adduced at the hearing, the Special Referee properly sustained the charge.

In determining an appropriate measure of discipline to impose, we have considered the respondent's expressed

remorse, the absence of venality or self-dealing, his relative inexperience at the time the complaint arose, his payment of the underlying debt, his previously unblemished record, and the character letters submitted on his behalf. Additionally, the respondent testified that his personal life was "in turmoil" due to his father's illness and his own personal circumstances.

Under the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., BRACKEN, MILLER, O'BRIEN and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Leonard Scott Shoob, is censured for his professional misconduct.