[676 NYS2d 689]

In the Matter of Leonard Scott Shoob, a Suspended Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, August 24, 1998

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Melissa D. Epstein* of counsel), for petitioner.

*Davoli & Vesnaver,* Rockville Centre (*Henry W. Davoli, Jr.,* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was served with a petition containing six charges of professional misconduct. The Special Referee sustained all six charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent's attorney has submitted an affirmation in support of the Grievance Committee's motion and submits that a censure is the appropriate sanction to be imposed.

Charge One of the petition alleged that the respondent was guilty of professional misconduct in that he was convicted of a serious crime, in violation of Code of Professional Responsibility DR 1-102 (A) (3) (22 NYCRR 1200.3 [a] [3]).

On or about June 5, 1997, the respondent entered a plea of guilty before the Honorable Abbey Boklan in the County Court, Nassau County, to criminal possession of a controlled substance in the seventh degree, a class A misdemeanor. On or about September 26, 1997, Justice Boklan sentenced the respondent to a term of three years' probation.

Charge Two alleged that the respondent was guilty of professional misconduct in that he was convicted of a serious crime, in violation of Code of Professional Responsibility DR 1-102 (A) (3) (22 NYCRR 1200.3 [a] [3]).

On or about August 13, 1997, the respondent entered a plea of guilty in the District Court of Charlestown, Commonwealth of Massachusetts, to operating a motor vehicle under the influence of drugs (Mass Gen Laws, ch 90, § 24), a misdemeanor. On or about August 13, 1997, the Honorable Anthony J. Sullivan of the District Court of Charlestown, Commonwealth of Massachusetts, sentenced the respondent to a term of one year's probation.

Charge Three alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), based on the allegations set forth in Charge One.

Charge Four alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation

of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), based on the allegations set forth in Charge Two.

Charge Five alleged that the respondent failed to timely file with the Appellate Division, Second Department, the record of his criminal conviction in the County Court, Nassau County, in violation of Judiciary Law § 90 (4) (c).

Charge Six alleged that the respondent failed to timely file with the Appellate Division, Second Department, the record of his criminal conviction in Massachusetts, in violation of Judiciary Law § 90 (4) (c).

In view of the respondent's admissions, the Grievance Committee's motion to confirm is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's contention that the willingness of the sentencing courts to take misdemeanor pleas is indicative that his transgressions were not considered "serious crimes" and/or that those courts considered his interest in rehabilitation to be genuine.

The respondent's past disciplinary history reveals that by opinion and order of this Court dated May 27, 1997, the respondent was censured for unrelated acts of professional misconduct (*Matter of Shoob,* 230 AD2d 545). Notwithstanding the character references and other mitigation offered by the respondent, his two convictions and his failures to timely notify the Court and the Grievance Committee of those convictions warrants his suspension from the practice of law for a period of five years.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Leonard Scott Shoob, is suspended from the practice of law for a period of five years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Leonard Scott Shoob, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.